IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NOS. WR-61,445-01 and WR-61,445-02




EX PARTE IRVING ALVIN DAVIS




ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
CAUSE NO. 20010D06419 IN THE 384TH DISTRICT COURT
EL PASO COUNTY




           Per curiam.


O R D E R

           These are post conviction applications for writs of habeas corpus filed pursuant to the
provisions of Texas Code of Criminal Procedure article 11.071.
           Applicant was convicted in June 2002 of capital murder committed in June 2001. 
Tex. Penal Code Ann. § 19.03(a)(2). Based on the jury’s answers to the special issues set
forth in the Texas Code of Criminal Procedure, Article 37.071, sections 2(b) and 2(e), the
trial court sentenced him to death. Art. 37.071, § 2(g).


 This Court affirmed applicant’s
conviction on direct appeal but vacated the sentence and remanded the cause for a new
hearing on punishment. Davis v. State, AP-74,393 (Tex. Crim. App. June 13, 2007)(not
selected for publication). At the retrial on punishment, the jury answered the special issues
as before, and applicant was again sentenced to death. We affirmed the sentence on direct
appeal. Davis v. State, 329 S.W.3d 798 (2010).
           Applicant filed an application for writ of habeas corpus following his first conviction
and sentence, and he filed a second application following the retrial on punishment. He
presents nine allegations in his first application and eight allegations in his second
application. The trial court held a live evidentiary hearing with respect to the second writ
application. As to all of these allegations, the trial judge entered findings of fact and
conclusions of law and recommended that relief be denied.
           This Court has reviewed the record with respect to the allegations made by applicant. 
We agree with the trial judge’s recommendation and adopt the trial judge’s findings and
conclusions. We note that the allegations in the first writ application concerning the
punishment phase became moot when the first sentence was vacated on direct appeal. 
Additionally, in the trial court’s findings and conclusions addressing the second writ
application at Findings and Conclusions page 31, Finding 276, the first reference to
“applicant” should be to “applicant’s father.” Based upon the trial court’s findings and
conclusions and our own review of the record, relief is denied.
           IT IS SO ORDERED THIS THE 12TH DAY OF MARCH, 2014.
 
Do Not Publish